FILED
IN CLERK'S OFFICE 10/31/12
U.S. DISTRICT COURT E.D.N.Y.
C/M OCT 26 2012
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
RICHARD CELESTIN,

                      Plaintiff,

- against -

RENAISSANCE SPECIAL, LLC.,

                      Defendant.
--------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

12 Civ. 5335 (BMC)

**COGAN**, District Judge.

Plaintiff *pro se* filed the instant complaint alleging violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the action is dismissed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to liberally construe plaintiff's complaint and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94

(2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 1949-50 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678 (citations omitted). The plausibility standard imposes a burden to make factual allegations supporting a claim for relief. As the Iqbal court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. 678.

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) he was qualified for the position he held, and (3) suffered an adverse employment action (4) under circumstances giving rise to an inference of discrimination. Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010); Joseph v. North Shore University Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Plaintiff submitted as his complaint an employment discrimination form supplied by the Court. He indicated that he is bringing the action pursuant to Title VII and checked off

"Termination of my employment" and "Unequal terms and conditions of my employment" as the discriminatory conduct of which he complains. However, plaintiff failed to check a single applicable basis for discrimination, thus failing to allege that he is part of a protected class. Moreover, where directed to state the facts of his case, plaintiff simply states that he was "fired . . . without a reason" after working for twelve years, that he never got sick days, vacation pay or pay increases, and that he believes he is entitled to some severance.

Even construed liberally, plaintiff's complaint alleges no facts that could possibly connect any adverse employment action to a protected status. In fact, plaintiff affirmatively states that he was fired without a reason. Plaintiff needs to understand that unless he has a written employment agreement that prohibits his firing without cause, his employer has the right to fire him for any reason unless that reason is prohibited by law.

Plaintiff does not allege a single fact in either his complaint or the termination letter he annexed to the complaint, which shows that he was terminated under circumstances giving rise to an inference of discrimination. His claim is therefore not plausible and must be dismissed. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); see also Arista Records, 604 F.3d at 120-21 (although Twombly and Iqbal did not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

Plaintiff is given twenty days to file an amended complaint. In that amended complaint, he must offer some fact giving rise to an inference that he was fired for an illegal reason – for example, that his supervisor made some remark about his race that would support a conclusion

that he was fired based on his race. If he has no such facts, his amended complaint will be dismissed.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed. Plaintiff is granted 20 days to file an amended complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore deny *in forma pauperis* status for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

/S/ Judge Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 26 2012